Marianne Dugan, OSB 932563
**ATTORNEY AT LAW**
259 E. 5th Ave., Suite 200-D
Eugene, OR 97401
541-338-7072
mdugan@mdugan.com

Timothy M. Bechtold, MT #4376
**BECHTOLD LAW FIRM, PLLC**
PO Box 7051
Missoula, MT 59807
406-721-1435
tim@bechtoldlaw.net
(PHV pending)

Kristine Akland, MT #13787
**AKLAND LAW FIRM**
317 E. Spruce St.
Missoula, MT 59802
406-544-9863
aklandlawfirm@gmail.com
(PHV pending)

*Attorneys for Plaintiff*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON
PORTLAND DIVISION

| | |
|---|---|
| ALLIANCE FOR THE WILD ROCKIES,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES ARMY CORPS OF ENGINEERS, UNITED STATES BUREAU OF RECLAMATION, and BONNEVILLE POWER ADMINISTRATION.<br><br>Defendants. | Cause No. 3:16-cv-1407<br><br>COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF |

## I. NATURE OF ACTION

1. On October 18, 2010, the United States Fish and Wildlife Service posted the "Endangered and Threatened Wildlife and Plants; Revised Designation of Critical Habitat for Bull Trout in the Coterminous United States: Final Rule" in the *Federal Register* ("Final Rule"). 75 Fed. Reg. 63898 (October 18, 2010). The Final Rule designated bull trout critical habitat in certain portions of rivers across Montana, Idaho, Nevada, Oregon and Washington.

2. Section 7 of the Endangered Species Act requires the United States Army Corps of Engineers, United States Bureau of Reclamation, and Bonneville Power Administration ("Action Agencies" or "Defendants") to consult with the Fish and Wildlife Service to ensure its actions will not result in the destruction or adverse modification of bull trout critical habitat. 16 U.S.C. § 1536(a).

3. The continued operation and maintenance of certain of Defendants' hydroelectric projects is in violation of the Endangered Species Act (ESA), 16 U.S.C. § 1531 *et seq.*, because Defendants failed to reinitiate and complete consultation regarding the effects of the operations of the hydroelectric projects on designated bull trout critical habitat.

4. Defendants continue to operate and maintain hydroelectric projects in waters designated as bull trout critical habitat, or continue to operate and maintain hydroelectric projects that effect waters designated as bull trout critical habitat.

5. Defendants have failed to protect and prevent adverse modification of certain rivers and streams designated as bull trout critical habitat.

6. One of the purposes of reinitiating and completing consultation is to ensure that continued operation and management of the hydroelectric projects operating in critical habitat and affecting critical habitat will not result in the destruction or adverse modification of the newly-designated critical habitat.

7. This action seeks judicial relief ordering Defendants to comply with the requirements of the ESA. Plaintiff requests the Court to order the Action Agencies to complete consultation as required by the ESA to ensure that the continued operation and maintenance of the Action Agencies' hydroelectric projects do not destroy or adversely modify bull trout critical habitat.

8. Plaintiff seeks a declaratory judgment, an award of costs and expenses of suit, including attorney and expert witness fees pursuant to the Endangered Species Act, 16 U.S.C. § 1540(g)(4), and such other relief as this Court deems just and proper.

## II.    JURISDICTION

9. Jurisdiction is proper in this Court under 28 U.S.C. § 1331 because this action arises under the laws of the United States and involves the United States as a defendant.

10. Plaintiff sent a Notice of Intent to Sue pursuant to the ESA to the United States Army Corps of Engineers, Bonneville Power Administration, United States Bureau of Reclamation, and United States Department of the Interior on May 6, 2016.  Thus, Plaintiff has complied with the 60-day notice requirement for claims under the ESA and this Court has jurisdiction to review Plaintiffs' ESA claims.

## III.    VENUE

11. Venue is proper in this Court under 28 U.S.C. § 1391.  A substantial part of the events or omissions giving rise to the claims herein occurred within this Judicial District, Defendants have offices in this District, and public lands and resources and agency records in question are located in this District.

## IV.    PARTIES

12. Plaintiff Alliance for the Wild Rockies (the "Alliance") is a tax-exempt, non-profit public interest organization dedicated to the protection and preservation of the native biodiversity of

the northern Rockies bio-region; its native plant, fish, and animal life; and its naturally functioning ecosystems. Its registered office is located in Missoula, Montana. The Alliance has over 2,000 individual members, many of whom are located in Idaho, Oregon and Washington. The Alliance brings this action on its own behalf and on behalf of its adversely affected members.

13. Defendant United States Army Corps of Engineers is an administrative agency within the U.S. Department of Defense and is responsible for the lawful investigations, development and maintenance of the Nation's water and related environmental resources.

14. Defendant United States Bureau of Reclamation is an administrative agency within the U.S. Department of Interior and is responsible for lawful management, development and protection of water and related resources in an environmentally and economically sound manner.

15. Defendant Bonneville Power Administration is an administrative agency within the U.S. Department of Energy and is responsible for the marketing and sales of electrical power from hydroelectric projects identified in this complaint.

## V.    STATEMENT OF STANDING

16. The interests at stake in this matter are germane to Alliance's organizational purposes. Defendants' failure to reinitiate and complete consultation pursuant to the ESA threatens the preservation of the native biodiversity of the dams' areas of operation, including its native fish life and its naturally functioning ecosystems. That failure to reinitiate and complete consultation also threatens the conservation of fisheries resources on lands of the dams' areas of operation.

17. Alliance and its members observe, enjoy, and appreciate native wildlife, water quality, and aquatic habitat quality of Defendants' hydroelectric project areas, and expect to continue to do so in the future. Members use and enjoy the waters and natural resources throughout areas affected by Defendants' dams for work, recreational, scientific, spiritual, educational, aesthetic, and other

purposes. Alliance's members enjoy fishing, hiking, camping, bird watching, study, contemplation, photography, and other activities in and around the waters and public lands affected by Defendants' dams. Alliance and its members also participate in information gathering and dissemination, education and public outreach, commenting upon proposed agency actions, and other activities relating to Defendants' management and administration of these public areas.

18. Defendants' unlawful actions adversely affect Alliance's organizational interests, as well as its members' use and enjoyment of areas impacted by Defendants' dams. The interests of the Alliance and their members have been and will continue to be injured and harmed by the Defendants' actions and/or inactions as complained of herein, including Defendants' failure to reinitiate and complete consultation as required by the ESA. These decisions are particularly and directly harmful in that Defendants have failed to perform their duty to ensure through consultation that the continued operation and maintenance of the dams will not result in the destruction or adverse modification of bull trout critical habitat that was designated in October 2010. Unless the relief prayed for here is granted, Alliance and its members will continue to suffer ongoing and irreparable harm and injury to their interests.

19. The injuries to Alliance and its members are likely to be redressed by a favorable decision of this Court because Alliance is seeking an order declaring that Defendants have violated the ESA and requiring that the Action Agencies reinitiate and complete consultation under the ESA. That would, in turn, ensure that the continued operation and maintenance of the hydroelectric projects would not result in the destruction or adverse modification of bull trout critical habitat.

## VI. FACTUAL ALLEGATIONS

20. Defendants United States Army Corps of Engineers, Bonneville Power Administration and United States Department of Interior Bureau of Reclamation operate and maintain hydroelectric projects within bull trout critical habitat and affecting bull trout critical habitat.

21. Defendants United States Army Corps of Engineers of own, operate and maintain hydroelectric projects including: Howard A. Hanson, Dexter, Cougar, Lookout Point, Hills Creek, Blue River, Fern Ridge, Libby, Dworshak, Lower Granite, Little Goose, Lower Monumental, Ice Harbor, McNary, John Day, The Dalles, Albeni Falls, Chief Joseph and Bonneville dams.

22. Howard A. Hanson, Dexter, Cougar, Lookout Point, Hills Creek, Blue River, Fern Ridge, Libby, Dworshak, Lower Granite, Little Goose, Lower Monumental, Ice Harbor, McNary, John Day, The Dalles, Albeni Falls, Chief Joseph and Bonneville dams are located in bull trout critical habitat or have an effect on tributaries designated as bull trout critical habitat.

23. In its response to Plaintiff's Notice of Intent to Sue, Defendant United States Army Corps of Engineers asserts that on February 14, 2015, a supplemental biological assessment regarding the operation and maintenance of Howard A. Hanson dam was submitted to USFWS and "formal consultation on ESA-listed species and designated bull trout critical habitat is currently ongoing."

24. A biological opinion has not been issued for Howard A. Hanson dam. The Howard A. Hanson dam continues to be operated by Defendant United States Army Corps of Engineers.

25. Defendant United States Army Corps of Engineers also alleges that it, along with Bonneville Power Administration and Bureau of Reclamation are "in the final stages of completing a biological assessment on the effects of operating and maintaining the . . . projects on designated bull trout critical habitat" for Dexter, Cougar, Green Peter, Lookout Point, Fall Creek, Cottage Grove, Hills Creek, Blue River, and Fern Ridge dams.

26. Biological assessments have not been issued for Dexter, Cougar, Green Peter, Lookout Point, Fall Creek, Cottage Grove, Hills Creek, Blue River, and Fern Ridge dams, and the dams continue to be operated by Defendant United States Army Corps of Engineers.

27. Defendants Army Corps of Engineers must reinitiate and complete consultation to ensure that continued operation of these dams does not adversely modify bull trout critical habitat.

28. Albeni Falls, Libby, Lower Monumental, Little Goose, Lower Granite, Ice Harbor, Dworshak, McNary, John Day, The Dalles, Bonneville, and Chief Joseph dams are managed by the Action Agencies as a coordinated system.

29. Albeni Falls, Libby, Lower Monumental, Little Goose, Lower Granite, Ice Harbor, Dworshak, McNary, John Day, The Dalles, Bonneville, and Chief Joseph dams are located in bull trout critical habitat or have an effect on tributaries designated as bull trout critical habitat.

30. Defendant United States Army Corps of Engineers asserts that the Action Agencies "are currently conferring with USFWS on a biological assessment on the effects of the operation and maintenance of [the projects] on ESA-listed species" and plan to have the biological assessment submitted in the fall of 2016.

31. Biological assessments have not been issued for Albeni Falls, Libby, Lower Monumental, Little Goose, Lower Granite, Ice Harbor, Dworshak, McNary, John Day, The Dalles, Bonneville, and Chief Joseph dams, and the dams continue to be operated by Defendants.

32. Following the designation of bull trout critical habitat in 2010, Defendants failed to reinitiate and complete ESA consultation for the continued operation and maintenance of their hydroelectric projects, including Dexter, Cougar, Lookout Point, Hills Creek, Blue River, Fern Ridge, Libby, Dworshak, Lower Granite, Little Goose, Lower Monumental, Ice Harbor, McNary, John Day, The Dalles, Albeni Falls, Chief Joseph, and Bonneville dams.

33. Defendant Bonneville Power Administration owns, operates and maintains hydroelectric projects, including Libby, Dworshak, Lower Granite, Little Goose, Lower Monumental, Ice Harbor, McNary, John Day, The Dalles, Hungry Horse, Albeni Falls, Grand Coulee, Chief Joseph, Bonneville, Cougar, Dexter, Lookout Point, Hills Creek, Blue River, and Fern Ridge dams.

34. Libby, Dworshak, Lower Granite, Little Goose, Lower Monumental, Ice Harbor, McNary, John Day, The Dalles, Hungry Horse, Albeni Falls, Grand Coulee, Chief Joseph, Bonneville, Cougar, Dexter, Lookout Point, Hills Creek, Blue River, and Fern Ridge dams are located in bull trout critical habitat or have an effect on tributaries designated as bull trout critical habitat.

35. In its response to Plaintiff's Notice of Intent to Sue, Defendant Bonneville Power Administration asserts that the Action Agencies are currently consulting with United States Fish and Wildlife Service to complete a biological assessment addressing the effects of operation and maintenance of Libby, Dworshak, Lower Granite, Little Goose, Lower Monumental, Ice Harbor, McNary, John Day, The Dalles, Hungry Horse, Albeni Falls, Grand Coulee, Chief Joseph, Bonneville, Cougar, Dexter, Lookout Point, Hills Creek, Blue River, and Fern Ridge dams on bull trout critical habitat and expect to submit it in the fall of 2016.

36. Biological assessments have not been submitted for Libby, Dworshak, Lower Granite, Little Goose, Lower Monumental, Ice Harbor, McNary, John Day, The Dalles, Hungry Horse, Albeni Falls, Grand Coulee, Chief Joseph, Bonneville, Cougar, Dexter, Lookout Point, Hills Creek, Blue River, and Fern Ridge dams, and the dams continue to be operated by Defendants.

37. Following the designation of bull trout critical habitat in 2010, Defendant Bonneville Power Administration failed to reinitiate and complete consultation for the continued operation and maintenance of Libby, Dworshak, Lower Granite, Little Goose, Lower Monumental, Ice Harbor,

McNary, John Day, The Dalles, Hungry Horse, Albeni Falls, Grand Coulee, Chief Joseph, Bonneville, Cougar, Dexter, Lookout Point, Hills Creek, Blue River, and Fern Ridge dams.

38.     Defendant Bureau of Reclamation owns, operates and maintains hydroelectric projects, including Grand Coulee, Roza, Chandler, and Hungry Horse dams.

39.     Grand Coulee, Roza, Chandler, and Hungry Horse dams are located in bull trout critical habitat or have an effect on tributaries designated as bull trout critical habitat.

40.     In its response to Plaintiff's Notice of Intent to Sue, Defendant Bureau of Reclamation asserts that on April 15, 2015, a biological assessment regarding the Roza and Chandler dams was submitted to the United States Fish and Wildlife Service and that the United States Fish and Wildlife Service had determined the biological assessment as "sufficient to initiate formal consultation on bull trout and bull trout critical habitat."

41.     Biological opinions have not been issued for Roza or Chandler dams and the dams continue to be operated by Defendant Bureau of Reclamation.

42.     Defendant Bureau of Reclamation asserts that in regards to Grand Coulee and Hungry Horse dams, "Reclamation and other federal action agencies . . . are conferring with the [United States Fish and Wildlife Service] regarding the [projects'] interaction with bull trout critical habitat. Defendant Bureau of Reclamation alleges that a biological assessment is "anticipate[d] to be finalized this fall."

43.     Biological assessments have not been issued for Grand Coulee or Hungry Horse dams and the dams continue to be operated by Defendant Bureau of Reclamation.

44.     Following the designation of bull trout critical habitat in 2010, Defendant Bureau of Reclamation failed to reinitiate and complete consultation for the continued operation and

maintenance of its hydroelectric projects including Roza, Chandler, Grand Coulee, and Hungry Horse dams.

45. Pursuant to Section 7 of the ESA, Defendants must receive a biological opinion from the United States Fish and Wildlife Service prior to continuing to operate their hydroelectric projects as delineated above. Without completion of consultation, Defendants cannot ensure that continued operation of the dams does not adversely modify designated bull trout critical habitat.

## CLAIM FOR RELIEF

## VIOLATION OF THE ENDANGERED SPECIES ACT

46. Plaintiff realleges and incorporates by reference all paragraphs of this Complaint.

47. To ensure that there is no adverse modification of bull trout critical habitat, the ESA requires federal agencies to consult with the appropriate federal agency on actions that may affect a listed species or its critical habitat. 16 U.S.C. § 1536 (a)(2), 50 C.F.R. § 402.14.

48. Bull trout critical habitat may be affected by Defendants' dams, as denoted above. Defendants must reinitiate and complete consultation pursuant to 50 C.F.R. § 402.16 based on the October 18, 2010 bull trout critical habitat designation. Defendants must also reinitiate and complete consultation pursuant to 50 C.F.R. § 402.16 because the 2010 bull trout critical habitat designation reveals effects of the dams that may affect bull trout critical habitat in a manner or to an extent not previously considered.

49. The Action Agencies' decision to continue to operate and maintain their dams as delineated above violates the ESA because the Action Agencies did not reinitiate and complete ESA consultation on the 2010 bull trout critical habitat designation. Defendants are violating ESA § 7(d) and its implementing regulations 36 C.F.R. § 219, *et seq.*, by their failure to reinitiate and complete consultation with the United States Fish and Wildlife Service while continuing to operate the dams as

delineated above. The Defendants cannot ensure that the continued operation of the dams is not likely to result in the destruction or adverse modification of bull trout critical habitat.

## VII. PRAYER FOR RELIEF

Plaintiff respectfully requests that the Court grant the following relief:

A. Order, declare, and adjudge that Defendants have violated the Endangered Species Act as set forth above;

B. Order Defendants to reinitiate and complete consultation under the ESA as described above;

C. Award Alliance its costs, litigation expenses, expert witness fees, and reasonable attorneys' fees associated with this litigation pursuant to the Endangered Species Act and all other applicable authorities; and

D. Grant Alliance any such further relief as may be just, proper, and equitable.

Dated this 11th day of July, 2016.

Respectfully submitted,
/s/ Marianne Dugan

Attorneys for Plaintiff