Marianne Dugan
**ATTORNEY AT LAW**
259 E. 5th Ave., Suite 200-D
Eugene, OR 97401
541-338-7072
mdugan@mdugan.com

Timothy M. Bechtold
**BECHTOLD LAW FIRM, PLLC**
PO Box 7051
Missoula, MT 59807
406-721-1435
tim@bechtoldlaw.net

Kristine Akland
**AKLAND LAW FIRM, PLLC**
317 E. Spruce St.
Missoula, MT 59802
406-544-9863
aklandlawfirm@gmail.com

*Attorneys for Plaintiff*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON
PORTLAND DIVISION

| | |
|---|---|
| ALLIANCE FOR THE WILD ROCKIES, <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES ARMY CORPS OF ENGINEERS, UNITED STATES BUREAU OF RECLAMATION, and BONNEVILLE POWER ADMINISTRATION. <br><br> Defendants. | Cause No. 3:16-cv-01407-HZ <br><br> PLAINTIFF'S BRIEF REGARDING APPLICATION OF *RIMINI STREET, INC. V. ORACLE USA, INC.*, 586 U.S. ___ (2019). |

On March 4, 2019, the Supreme Court issued a unanimous opinion in *Rimini Street, Inc. v. Oracle USA, Inc.,* 586 U.S. ___ No. 17-1625, 2019 WL 1005828 (U.S. Mar. 4,

1

2019). At issue was whether the term "full costs" as set forth in §505 of the Copyright Act authorizes an award for expenses not identified in 28 U.S.C. §§1821 and 1920. The Court held the "[Copyright Act's] authorization for the award of "full costs" [] covers only the six categories specified in the general costs statue, codified at §§1821 and 1920." *Rimini*, at *2.

The Supreme Court's decision in *Rimini* does not affect Alliance for the Wild Rockies' request for fees here. The *Rimini* court limited its analysis to the language used in the Copyright Act that authorizes an award for costs, which is distinct from the language used in the Endangered Species Act. Even if the holding did apply to cases awarding fees under the Endangered Species Act, it only affects "cost" incurred in the case, not attorneys fees or expert witness fees. Here the "costs" Alliance requests are costs that are either identified in §1920 or considered part of the "attorney's fees."

**Procedural History**

Oracle USA, a software development company, sued Rimini Street in federal district court in Nevada asserting claims under the Copyright Act and other state and federal laws. *Rimini*, at 2. The jury found in favor of Oracle and awarded Oracle $35.6 million in damages for copyright infringement and $14.4 million in damages for violations of state statutes. *Id*. Following the verdict, Oracle filed a Motion for Attorneys' Fees and Costs seeking about $35.6 million in attorney fees, $4.9 million in taxable costs, and $12.8 million in non-taxable costs. *Oracle USA, Inc. v. Rimini Street, Inc.*, 20 F.Supp.3d 1200, 1214 (D. Nev. 2016). These "non-taxable costs" included expert witness fees, e-discovery fees, jury consulting and other non-taxable costs. *Id*. at 1218.

Rimini Street appealed to the Ninth Circuit Court of Appeals. *Oracle USA, Inc. v. Rimini Street, Inc.* 879 F.3d 948, 965 (9th Cir. 2018). Because the Copyright Act allows the

court, in its discretion, to award the "recovery of full costs," 17 U.S.C. §505, the Ninth Circuit held that "full costs" under §505 "is not limited to the categories of costs described in 28 U.S.C. §1920" and upheld the award of $17.6 million in non-taxable costs. 879 F.3d at 956-6 citing *Twentieth Century Fox v. Entertainment Distributing*, 429 F.3d 869, 885 (9th Cir. 2005).

The Supreme Court granted certiorari "to resolve disagreement in the Courts of Appeals over whether the term 'full costs' in §505 authorizes awards of expenses other than those costs identified in §§1821 and 1920." The Court found that the Copyright Act's reference to "full costs" only authorizes a court to award the six categories of "costs" specified in §§1920. *Rimini* at *2.

**Application of *Rimini* to the case at bar**

The $12.6 million "non-taxable costs" that were at issue in *Rimini* were costs associated with e-discovery, expert witness fees and jury consulting costs. 20 F.Supp.3d at 1218. The Court found where the authorizing federal statute simply refers to "costs," a court may only award the six enumerated "costs" specified in the general costs statute §§1821, 1902. *Rimini at* *3. If however, the authorizing statute expressly provides for the award of expert witness fees or attorney's fees, the court may award litigation expenses not specified in the general costs statute. *Id.* "A statute awarding "costs" will not be construed as authorizing an award of litigation expense beyond the six categories listed §§1821 and 1920, absent an explicit statutory instruction to that effect." *Id* at *4. The six categories listed at §1920 are:

1) Fees of the clerk and marshal;
2) Fees for printed or electronically recorded transcripts necessarily obtained for use in this case;
3) Fees and disbursements for printing and witnesses;

3

4) Fees for exemplification and costs of making copies of any materials where the copies are necessarily obtained for use in the case;
5) Docket fees under §1923 of this title;
6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under §1928 of this title.

28 USC §1920.

### 1. *Rimini's* holding does not apply here because the language authorizing costs and fees under the Copyright Act is distinctly different than the language in the Endangered Species Act.

The Copyright Act's language authorizing fees and costs is distinctly different than that of the Endangered Species Act. Under the Copyright Act, "the court in its discretion may allow the recovery of full costs by or against any party . . . the court may also award a reasonable attorney's fee to the prevailing party as part of the costs." 17 U.S.C. §505. Under the Endangered Species Act (ESA), the court "may award costs of litigation (including reasonable attorney and expert witness fees) . . ." 16 U.S.C. §1540(g)(4). First, unlike the Copyright Act, the ESA expressly provides for expert witness fees - one of the "costs" at issue in *Rimini*. Because the ESA provides an "explicit statutory instruction" to award expert witness fees, here, this Court has direct authority to award the expert witness fees requests.

Second, the ESA's language authorizing costs, "Costs of litigation (including reasonable attorney and expert witness fees)," is unlike the Copyright Act's language, "full costs." The ESA's language expressly "authorizes awards for expenses beyond the six categories specified in the general costs statute." *Rimini* at *3. Therefore, the holding in *Rimini* does not apply to cases awarding fees under the ESA.

### 2. Even if *Rimini's* holding applies here, the "costs" Plaintiff requests are enumerated in §1920 or considered "out-of-pocket expenses" included as part of Plaintiff's "attorneys fees."

If this Court finds that *Rimini's* discussion regarding "full costs" as it is used in §505 of the Copyright Act applies to cases awarding fees under the Endangered Species Act, the application to the case at bar is narrow. Here, *Rimini's* holding would only apply to the "costs" Plaintiff has incurred during litigation and would not affect the Plaintiff's requested attorneys fees or expert witness fees.

First, as discussed above, the holding in Rimini speaks only to what "costs" a court may award if the costs are not expressly stated in the substantive statute. *Rimini* at *2. If the statute does express authority to award expert witness fees and attorney's fees, courts may award such fees. *Id.* at *2, 4. Here, because the ESA expressly states that a court may award "reasonable attorney and expert witness fees," the holding in *Rimini* does not impact whether this Court may award Plaintiff the attorney fees and expert witness fees requested. 16 U.S.C. §1540(g)(4). The only effect, if any, regards the "costs" Alliance requests.

The "costs" Alliance requests here are minimal. To begin with, pursuant to the Ninth Circuit's holding that "each party shall bear its own costs on appeal," Alliance did not submit a Bill of Costs to the Ninth Circuit. Doc. 51-1 at 12, Doc. 66 at 11.[1] Thus, the only "costs" at issue here are Alliance's filing fee, travel costs, and postage on appeal ($2,607.89) (Doc. 67 at 3), and the filing fees, printing, postage costs and paralegal fees at the district court ($1,645.40) (Doc. 49 at 5).

*Rimini* states that the six costs enumerated in §1902 may be awarded if the authorizing statue simply refers to "costs." *Id*. at *2. Therefore, if nothing else, the holding in *Rimini* supports the award of filing fees, postage and printing costs that Alliance incurred

---

[1] The $505 filing fee incurred on appeal has been considered a "taxable costs" by the Six Circuit. See *National Truck Equipment Ass'n v. National Traffic Safety Admin.*, 972, 669, 674 (6th Cir 1992). H

at the District Court ($1,645.40). Doc. 49 at 5. The remaining "costs" Alliance requests are: 1) paralegal costs; 2) travel costs on appeal; and 3) the filing fee for the appeal.

The Ninth Circuit and the Supreme Court "have long interpreted the phrase 'reasonable attorney's fees' to include certain litigation expenses" including costs of paralegal's time, travel, courier and copy costs." *Grove v. Wells Fargo Financial California, Inc.*, 606 F.3d 577, 580 (9th Cir. 2010)(citing *Missouri v. Jenkins*, 491 U.S. 274 (1989) and *Davis v. City of San Francisco*, 876 F.2d 1536, 1556 (9th Cir. 1992)). Here, because the ESA allows for "litigation costs (including reasonable attorney [fees]. . ." the costs for the paralegal time and travel costs may be awarded as part of the "reasonable attorney fee award."

In *Jenkins*, the Supreme Court explained that "the [attorney's] fee must take into account the work not only of attorneys, but . . . it must also take account of other expenses and profit" and held that a prevailing plaintiff could recover the costs of paralegals' time under a statute allowing for "a reasonable attorney's fees as part of its costs." 491 U.S. at 285.

The Ninth Circuit, in *Davis*, noted that "the courts have long held [that certain non-taxable costs] can be awarded as part of a reasonable attorneys' fee since they are typically charged to paying clients by private attorneys." 876 F.2d at 1541. The Ninth Circuit affirmed an award of travel expenses under a statute that provided the district court to allow the prevailing party "reasonable attorney's fees" as part of the costs of the action. *Id*. at 1488. The defendants argued that travel expenses are not available under §1920 and should thus not be awarded. *Id*. The Court rejected this argument and explained that the defendant "fails to see that . . . travel expenses were not granted as costs under section 1920, but rather

6

as out-of-pocket expenses, compensable under section 1988.[2]" *Id*. The Court further stated that,"[c]ourts have generally held that expenses incurred during the course of litigation which are normally billed to fee-paying clients should be taxed under section 1988." *Id*.

The filing fee incurred on appeal ($505) should also be considered part of the attorneys' fees at it is an "expense incurred during the course of litigation which [is] normally billed to fee-paying clients." *Id*. However, the Ninth Circuit has held that the filing fee may be considered a "fee of the clerk" in §1920(1). *United States v. Havelock*, 664 F.3d 1284, 1289 (9th Cir. 2012). Therefore, if this Court finds that *Rimini* applies to cases involving fee awards authorized by the ESA, a maximum reduction of $505 to Alliance's requested costs would be appropriate.

**CONCLUSION**

The Supreme Court's holding in *Rimini* does not affect Alliance's request for fees and costs here. The *Rimini* decision interprets the Copyright Act's language that authorizes an award for costs. That language is distinct from the language used in the Endangered Species Act. Therefore, holding of *Rimini* should not apply to cases awarding fees under the ESA. Even if the holding did apply to ESA cases, it would only affect the "cost" incurred in the case, not attorneys fees or expert witness fees. Here the "costs" Alliance requests are costs that should be awarded in full because they are either enumerated in §1920 or are considered part of the "attorney's fees." If this Court further finds that the filing fee incurred on appeal is a "fee of the clerk" as set forth in §1920, then a maximum reduction of $505 to Alliance's costs would be appropriate for a total award of $230,171.79.

---

[2] "Lower courts in this circuit have, without comment, applied the interpretation of attorney's fees in §1988 to other fee-shifting statutes in order to award expenses that do not fall within the scope of §1920. *Trs. of the Constr. Indus. and Laborers Health and Welfare Trust v. Redlands Ins. Co.,* 460 F.3d 1251, 1258 (9th Cir. 2006).

Dated this 19th day of March 2019.

                Respectfully submitted,

                /s/ *Kristine M. Akland*
                Kristine M. Akland
                Timothy M. Bechtold
                Marianne Dugan

                Attorneys for Plaintiffs

CERTIFICATE OF COMPLIANCE

This brief complies with the applicable page limitation established in this Court's March 5, 2019 order requesting further briefing. Doc. 70(No document attached). It contains 8 pages excluding the caption, signature block, and certificates of counsel.

/s/ *Kristine M. Akland*
Kristine M. Akland
Timothy M. Bechtold
Marianne Dugan

Attorneys for Plaintiffs

CERTIFICATE OF SERVICE

I hereby certify that on March 19, 2019 I electronically filed the foregoing documents with the Clerk of the Court for the District of Oregon via the CM/ECF system, which will send notification of such to the attorneys of record.

/s/ *Kristine M. Akland*
Kristine M. Akland
Timothy M. Bechtold
Marianne Dugan

Attorneys for Plaintiffs