BILLY J. WILLIAMS
United States Attorney
District of Oregon
600 United States Courthouse
1000 S.W. Third Avenue
Portland, OR 97204-2902
Tel: (503) 727-1000

JEAN E. WILLIAMS, Deputy Assistant Attorney General
SETH M. BARKSY, Section Chief
COBY HOWELL. Senior Trial Attorney
Environment & Natural Resources Division
U.S. Department of Justice
c/o U.S. Attorney's Office
1000 SW Third Avenue
Portland, OR 97204-2902
(503) 727-1000 (Tel.); (503) 727-1117 (Fax)
Email: Coby.Howell@usdoj.gov

*Attorneys for Federal Defendants*

## UNITED STATES DISTRICT COURT
## DISTRICT OF OREGON
## PORTLAND DIVISION

| | |
|---|---|
| ALLIANCE FOR THE WILD ROCKIES, INC., <br><br> Plaintiff, <br><br> vs. <br><br> UNITED STATES ARMY CORPS OF ENGINEERS and UNITED STATES BUREAU OF RECLAMATION. <br><br> Defendants. | No. 3:16-cv-01407-HZ <br><br> **FEDERAL DEFENDANTS' SUPPLEMENTAL BRIEF IN RESPONSE TO COURT ORDER** |

On March 4, 2019, the Supreme Court issued its decision in *Rimini Street, Inc. v. Oracle USA, Inc.*, No. 17-1625, 2019 WL 1005828. The Court evaluated whether the Copyright Act's reference to "full costs" authorizes a court to award litigation expenses beyond the six categories of "costs" specified by Congress in the general costs statute, 28 U.S.C. §§ 1821 and 1920. The

1

Court held that the text of the Copyright Act and its previous decisions confirm the answer is no. The term "full" is to be read as a term of quantity or amount; it does not expand the categories or kinds of expenses that may be awarded as "costs" under the §§ 1821 or 1920.

As applied here, Defendants maintain that Plaintiff is not entitled to any of its requested costs under a catalyst theory of recovery. Although no recovery is appropriate whatsoever, following the *Rimini Street* decision, it is clear that of the $2,607.89 in costs and $3,673.50 in expert fees that Plaintiff requests, only $2,318.50 of those costs are recoverable.

### Plaintiff is not entitled to appellate costs

In its Response to Plaintiff's Motion for Attorney Fees and Other Expenses, Defendants explained that Plaintiff was not entitled to fees or costs under the Endangered Species Act's ("ESA") citizen-suit provision because Plaintiff's lawsuit did not act as a catalyst for Defendants' reinitiation of consultation on either the Federal Columbia River Power System dams or the Willamette River Basin dams. ECF No. 62 at 9. That remains true today. The Supreme Court has held that an award of attorneys' fees is "appropriate" if the fee applicant obtained at least "some success on the merits." *Ruckelshaus v. Sierra Club*, 463 U.S. 680, 682 (1983) (interpreting a similarly worded fee provision in the Clean Air Act). A plaintiff is considered to have some success if its lawsuit "forced defendants to abandon illegal conduct, although without a formal court order." *Id*. at 686 n.8.

Defendants demonstrated in their Response to Plaintiff's Motion for Fees and Expenses that completion of the Willamette River Basin Project supplemental BA was a work in progress before Plaintiff filed suit. *Id*. at 12. The fact that Defendants were actively dedicating time and resources to the consultation before the start of litigation is enough to overcome any entitlement to costs under a catalyst theory. *Id*. As the declaration submitted in conjunction with Defendants'

Response makes clear, the filing of Plaintiff's complaint did not affect this consultation, nor did it alter the schedule for its completion. *Id*. at 13. Plaintiff should not be awarded costs of litigation for a complaint, and certainly not for a subsequent appeal, that had no bearing on the completion of the underlying agency action.

***Plaintiff May Not Recover for Inappropriate Expenses***

This Court has sought briefing from the parties to address the relevance of the unanimous Supreme Court decision rendered in *Rimini Street, Inc. v. Oracle USA, Inc.* There, the Supreme Court interpreted a cost-recovery provision in the Copyright Act, 17 U.S.C. § 505. That provision provides that in a copyright case, a district court may, in its discretion, "allow the recovery of ***full costs*** by or against any party other than the United States or an officer thereof." *Id*. (emphasis added). The question presented for the Court was whether the Act's reference to "full costs" authorized a court to award litigation expenses *beyond* the six categories of "costs" specified by Congress in the general costs statute, 28 U.S.C. §§ 1821, 1920. In the general costs statute, Congress has enumerated six categories of litigation expenses that a federal court may award as "costs"[1]:

    i. Fees of the clerk and marshal;

    ii. Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

    iii. Fees and disbursements for printing and witnesses;

    iv. Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

    v. Docket fees under section 1923 of this title;

---

[1] 28 U.S.C. § 1920.

vi.    Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1823 of this title.

Oracle argued unsuccessfully that the statute's language allowed for the recovery of costs above and beyond the six categories specifically mentioned. Among its arguments, Oracle suggested that the word "full" authorized courts to award expenses beyond the costs specified in §§ 1821 and 1920; that the term "full costs" is a historical term of art that encompasses more than the "costs" listed in §§ 1821 and 1920; and that Rimini's reading of the word "full" would add nothing to "costs" creating a surplusage problem that Congress did not intend. *Rimini St.*, 2019 WL 1005825 at *6-11.

The Court rejected these arguments and held that its previous interpretations of similar language established a clear rule: "A statute awarding 'costs' will not be construed as authorizing an award of litigation expenses beyond the six categories listed in §§ 1821 and 1920, absent an explicit statutory instruction to that effect." *Rimini St.*, 2019 WL 1005825 at *6 (citing *Arlington Central School Dist. Bd. Of Ed. V. Murphy*, 548 U.S. 291, 301 (requiring "'explici[t]'" authority); *West Virginia Univ. Hospitals, Inc. v. Casey*, 499 U.S. 83, 86 (requiring "'explicit'" authority); *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 439 (requiring "explicit statutory authority")). The Court noted that the Copyright Act does not explicitly authorize the award of litigation expenses beyond the six categories specified in §§ 1821 and 1920 and neither §§ 1821 nor 1920 authorized an award of expenses such as expert witness fees, e-discovery expenses, or jury consultant fees, which were expenses included in the award originally granted to Oracle by the district court.

As relevant here, the ESA states that "any person may commence a civil suit on his own behalf … to enjoin any person, including the United States and any other governmental

instrumentality or agency … who is alleged to be in violation of any provision of this chapter or regulation issued under the authority thereof." 16 U.S.C. § 1540(g)(1)(A). The ESA further provides that, in issuing any final order in any suit brought under the citizen-suit provision, the court "may award costs of litigation (including reasonable attorney and expert witness fees) to any party, whenever the court determines such award is appropriate." *Id*. § 1540(g)(4). As a partial waiver of sovereign immunity, the ESA's fee-shifting provision "must be strictly construed in favor of the United States." *Ardestani v. INS*, 502 U.S. 129, 137 (1991). "[T]he fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended an hourly rates." *Hensley v. Eckerhard*, 461 U.S. 424, 437 (1983).

Setting aside the Ninth Circuit's instruction that "[e]ach party shall bear its own costs on appeal,"[2] Plaintiff seeks the recovery of costs outside those authorized by the ESA's citizen-suit provision and the general costs statute. In total, Plaintiff seeks $2,607.89 in costs and a further $3,673.50 in expert fees. ECF No. 50-1 at 13. The ESA's citizen-suit provision allows for the Court to award "costs of litigation (including reasonable attorney and expert witness fees) to any party, whenever the court determines such award is appropriate." 16 U.S.C. § 1540(g)(4). Notably absent is any explicit statutory instruction or other provision authorizing an award beyond the six categories listed in §§ 1821 and 1920. Plaintiff's requested $2,607.89 in costs includes $748.00 in airfare for Ms. Akland; $498.08 in airfare for Mr. Bechtold; $34.50 in postage for mailing Plaintiff's opening brief and reply; $245.25 in meals for Mr. Bechtold, Ms. Akland, and Ms. Smith; $25.00 for parking during oral argument at the Ninth Circuit; and $552.06 for a rental car. ECF Nos. 50-6 at 16-17 and 50-3 at 8. None of these costs are compensable given the Supreme Court's ruling in *Rimini Street* and none of these costs fall within the categories included in §§ 1821 or

---

[2] *All. For the Wild Rockies, Inc. v. U.S. Army Corps of Eng'rs*, 736 Fed.Appx. 160, 161 (9th Cir. 2018).

5

1920. The only costs Plaintiff seeks recovery for that do fall within the general costs statute are the $505.00 in filing fees at the Ninth Circuit. But again, the Ninth Circuit's instruction that "[e]ach party shall bear its own costs on appeal" should preclude recovery for that as well.

With respect to Plaintiff's expert fees, the ESA does not explicitly authorize nontestimonial "expert fees" like some other statutes do[3], but rather authorizes only testimonial "expert *witness* fees." Nontestimonial expert fees are not recoverable. As the Supreme Court noted in *Rimini Street*, in the absence of "explicit statutory authority," cost awards are limited to those enumerated in §§ 1821 and 1920. The default rule under Fed. R. Civ. P. 54 and §§ 1821 and 1920 is that services rendered by experts in a nontestimonial capacity are not compensable costs. *West Virginia Univ. Hospitals v. Casey*, 499 U.S. at 86; *Gates v. Deukmejian*, 987 F.2d 1392, 1407 (9th Cir. 1992). In this case, Mr. David Becker's fees should not be recoverable to the extent they are unrelated to the preparation of his declarations. Of the 8.7 hours sought for Mr. Becker's work, only 3.9 hours were actually spent drafting his attorney fee declaration. ECF No. 50-2 at 27. The remaining 4.8 hours, largely spent communicating with co-counsel, do not warrant recovery. *Id.*

## Conclusion

Plaintiff is not entitled to the recovery of any costs under the ESA's citizen-suit provision because its complaint did not serve as the catalyst for Defendants' reinitiation of consultation on bull trout critical habitat for either the Federal Columbia River Power System dams or the Willamette River Basin Project dams. Even putting the threshold issue aside, Plaintiff is still not

---

[3] *See, e.g.,* 28 U.S.C. § 2412(d)(2)(A) ("'fees and other expenses' [as shifted by § 2412(d)(1)(A)] includes the reasonable expenses of expert witnesses, *the reasonable cost of any study, analysis, engineering report, test, or project* which is found by the court to be necessary for the preparation of the party's case, and reasonable attorney fees." (emphasis added)). *See also* Regional Rail Reorganization Act of 1976, 45 U.S.C. §§ 726(f)(9), 741(i) ("costs and expenses (including reasonable fees of accountants, experts, and attorneys) actually incurred") and the Railroad Revitalization and Regulatory Reform Act of 1976, 45 U.S.C. § 854(g) ("costs and expenses (including fees of accountants, experts, and attorneys) actually and reasonably incurred").

entitled to costs on appeal given the Ninth Circuit's instruction that "[e]ach party shall bear its own

costs…" And even, for the sake of argument, if Plaintiff were entitled to some costs, the recent

Supreme Court decision in *Rimini Street, Inc. v. Oracle USA, Inc.* limits their recovery to $505.00

for their filing fee at the Ninth Circuit and 3.9 hours of Mr. Becker's time.


Respectfully submitted this 19th day of March, 2019.

> JEAN E. WILLIAMS
> Deputy Assistant Attorney General
> United States Department of Justice
> Environment & Natural Resources Division
>
> */s/ Coby Howell*
> COBY HOWELL
> Senior Trial Attorney, U.S. Department of Justice
> Environment and Natural Resources Division
> Wildlife and Marine Resources Section
> Ben Franklin Station, P.O. Box 7611
> Washington, D.C. 20044-7611
> (503) 727-1023 (tel)
> (202) 305-0275 (fax)
> coby.howell@usdoj.gov
>
> *Attorneys for Defendants*

## CERTIFICATE OF COMPLIANCE

This brief complies with the page limitation established in this Court's March 5, 2019 order asking the Parties for further briefing on whether the Supreme Court's recent opinion in the case of *Rimini Street, Inc. v. Oracle USA, Inc.* affected Plaintiff's pending requests for costs. (ECF No. 70). It contains 7 pages, including headings, footnotes, and quotations, but excluding the caption, signature block, and certificates of counsel.

> */s/ Coby Howell*
> COBY HOWELL
> Senior Trial Attorney, U.S. Department of Justice
> Environment and Natural Resources Division
> Wildlife and Marine Resources Section
> Ben Franklin Station, P.O. Box 7611
> Washington, D.C. 20044-7611
> (503) 727-1023 (tel)
> (202) 305-0275 (fax)
> coby.howell@usdoj.gov
>
> *Attorney for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on March 19, 2019, I electronically filed the foregoing documents with the Clerk of the Court for the District of Oregon via the CM/ECF system, which will send notification of such to the attorneys of record.

> */s/ Coby Howell*
> COBY HOWELL
> Senior Trial Attorney, U.S. Department of Justice
> Environment and Natural Resources Division
> Wildlife and Marine Resources Section
> Ben Franklin Station, P.O. Box 7611
> Washington, D.C. 20044-7611
> (503) 727-1023 (tel)
> (202) 305-0275 (fax)
> coby.howell@usdoj.gov
>
> *Attorney for Defendants*